UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL COUSO MENDEZ, (A-Number: 216-914-238),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No.  1:26-cv-4977-TLN-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Rafael Couso Mendez, a citizen of Cuba, entered the United States on June 24, 2021, and requested political asylum.  He was released by immigration authorities on June 28, 2021, and re-detained by ICE on November 26, 2025.  On January 21, 2026, the immigration court denied petitioner's request for asylum and ordered his removal to Cuba.  Respondent confirms that Cuba denied petitioner's repatriation.  It seeks to remove him to Mexico.  Petitioner has declined to voluntarily depart for Mexico and has remained in custody.

Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his detention is illegal under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) and 8 U.S.C. § 1231(a)(6) as his removal is not reasonably foreseeable.  ECF No. 1 at 2, 6.  Respondent argues that petitioner's ongoing detention is lawful because immigration authorities intend to remove petitioner to Mexico, and the delay is due to his lack of cooperation with that removal to

1

that country.  ECF No. 7 at 2-3.  For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

### Background

Petitioner Rafael Couso Mendez, a citizen of Cuba, came to the United States without permission on or about June 24, 2021, and requested political asylum.  ECF No. 7-2 at 2.  The Department of Homeland Security ("DHS") detained him at the San Ysidro Admissibility Enforcement Unit until July 28, 2021, when it released him into the United States with a notice to appear.  *Id.* at 3.  ICE re-detained petitioner on November 26, 2025, after his release from criminal custody.  ECF No. 1 at 4, 9.  Petitioner has been in immigration custody since that date.  While in the United States, petitioner has been convicted of misdemeanor retail theft, misdemeanor resisting an officer without violence, misdemeanor possession of drug paraphernalia, and felony grand theft.  ECF No. 7-4 at 8-12.

On January 21, 2026, an immigration judge ordered petitioner removed to "Cuba or in the alternative to N/A [sic]. . . ."  ECF No. 7-6 at 3.  Petitioner did not appeal this removal order, which is administratively final.  ECF No. 7-1 at 3.  "[R]epatriation [of petitioner] was denied by the government of Cuba."  *Id.*  ICE seeks to remove petitioner to Mexico and provided petitioner with notice of this intent on or about March 17, 2026.  *Id.*; *see* ECF No. 7-7.  Petitioner has not agreed to "voluntarily depart" to Mexico and asserts that he "has told various ICE Agents about his fear of removal to Mexico."  *See* ECF No. 7-1 at 3; ECF No. 9 at 5.

### Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law.  28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have

been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner asserts that his removal is not reasonably foreseeable under 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and thus his continued detention is no longer authorized by statute.[1]  ECF No. 1 at 6, 7.  Respondent argues that petitioner is subject to continued detention pursuant to 8 U.S.C. §§ 1231(a)(2) and (6) and that this detention is reasonable to effectuate his removal to Mexico.  ECF No. 7 at 2–4.

To determine the statutory basis for petitioner's detention, I must analyze when the removal order was administratively final.  The immigration court ordered petitioner removed to Cuba on January 21, 2026.  ECF No. 7-6 at 3-4.  The removal order did not order removal to any other country.  *Id.* at 3 (stating petitioner "shall be removed to Cuba or in the alternative to N/A. . . .").  Petitioner reserved appeal of the removal order, and his appeal was due on February 20, 2026.  *Id.* at 4; *see* 8 C.F.R. § 1003.38(b)(2) (providing 30-day period for notice of appeal).  Because petitioner did not file an appeal, ECF No. 7-1 at 3, the removal order became administratively final on February 20, 2026.  *See* 8 C.F.R. § 1241.1(c) (providing that order of removal is administratively final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time.").

Accordingly, the 90-day statutory period for petitioner's removal, during which the government could mandatorily detain him, began on February 20, 2026.  8 U.S.C. § 1231(a)(1)(A) (providing 90-day period for removal); § 1231(a)(2) (mandating detention during that period).  That mandatory period expired on May 21, 2026, although respondent argues that it may be "extend[ed] or restart[ed]" from the latest date of "obstruction" under section 1231(a)(1)(C), which permits tolling of the 90-day removal period if the noncitizen fails to "make timely application in good faith for travel or other documents necessary . . . to prevent the

---

[1] Petitioner's pro se filing is entitled to liberal construction.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

3

[noncitizen]'s removal subject to an order of removal." ECF No. 7 at 3. Specifically, respondent argues that petitioner has obstructed his removal by refusing to consent to removal to Mexico. *Id*.

Respondent advances the broad proposition that "[i]n the Ninth Circuit, non-cooperation takes *Zadvydas* off the table." ECF No. 7 at 3. None of the cases cited by respondent support this proposition. Rather, all of them set forth a narrower rule, inapplicable here, that the noncitizen's failure to cooperate with removal to the country to which he was ordered removed tolls the 90-day period. *See Pelich v. I.N.S.*, 329 F.3d 1057, 1058 (9th Cir. 2003) (tolling period for noncitizen ordered removed to Poland who refused to cooperate); *Lema v. I.N.S.*, 341 F.3d 853, 854 (9th Cir. 2003) (tolling period for noncitizen ordered removed to Ethiopia who obstructed effort); *Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008) (tolling period for noncitizen ordered removed to Senegal who obstructed removal). Respondent also cites *Medhani v. Noem*, No. 3:26-cv-0594-CAB-JLB, 2026 WL 809914 (S.D. Cal. Mar. 24, 2026), which likewise does not support its argument as it also involves the noncitizen's lack of cooperation with removal to the country specified in the removal order.[2]

Section 1231(a)(1)(C)'s tolling provision does not apply here. Petitioner's removal order is for Cuba, a country that has refused to accept him. Respondent does not allege or present any evidence that petitioner refused to cooperate with its attempt to remove him to Cuba. *See* ECF No. 7-1. Conversely, petitioner has no removal order to Mexico and there is no requirement that he cooperate with removal to that country. Respondent seeks petitioner's voluntary cooperation to depart to Mexico, which is not "subject to an order of removal" under section 1231(a)(1)(C), and thus petitioner's refusal to agree to depart to Mexico does not toll the 90-day statutory removal period. In a similar case, this court recently noted that the respondents' argument "appears to be that, because [the] petitioner is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to, he may be detained indefinitely. This

---

[2] Despite respondent's suggestion at ECF No. 7 at 4, lines 6-7, *Medhani* has no relevance to the third-country removal issue in the current case. In *Medhani*, there was "no evidence before the Court that Respondents intend to remove Petitioner to a third country or that if a third country is identified, Respondents will contravene Ninth Circuit precedent requiring Petitioner to be notified that he may apply for appropriate relief, including withholding of removal to that third country." *Id.*, 2026 WL 809914, *3.

argument is frivolous and the court admonishes [the] respondents' counsel to avoid wasting the court's time and resources with such arguments in the future." *Obando Vargas v. Blanche*, No. 1:26-cv-5343-DAD-AC, 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026).

Accordingly, I reject respondent's argument that the 90-day removal period may be tolled indefinitely or restarted infinitely under section 1231(a)(1)(C) because of petitioner's refusal to cooperate with removal to a country that is not named in his removal order.  The 90-day period ran out over two months ago.  Respondent is detaining petitioner under section 1231(a)(6), which provides for detention "beyond the [90-day statutory] removal period" for certain noncitizens.

In *Zadvydas*, 533 U.S. 678, the Supreme Court considered prolonged immigration detention after a final order of removal.  Although the government has statutory authority to detain noncitizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*, 533 U.S. at 699.  The Supreme Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal. *Id.* at 701.  Respondent argues that petitioner's detention continues to be reasonable under *Zadvydas*, again pointing to his "non-cooperation."  ECF No. 7 at 3-4.

*Zadvydas*' six-month presumptively reasonable period began on February 20, 2026, "[t]he date the order of removal [became] administratively final."[3] *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1)(B)(i).  Petitioner is still within the presumptively reasonable six-month period, which will expire on August 21, 2026.  In *Zadvydas*, 533 U.S. at 702, the Supreme Court

---

[3] There is an inconsistency between the written removal order, which states the petitioner "made no application(s) from relief from removal under 8 C.F.R. § 1240.11 [pertaining to asylum and other forms of humanitarian relief.]," ECF No. 7-6 at 3, and the deportation officer's sworn declaration, which states that the immigration judge held a hearing "on the merits of Petitioner's application for asylum from Cuba" and denied that application, ECF No. 7-1 at 3.  This could be relevant for the deadline for the notice of appeal, which would in turn affect the date of finality of the removal order. *See* 8 C.F.R. §§ 103.38(b)(1) (providing 10-day appeal deadline for most immigration judge decisions); (b)(2) (providing 30-day appeal deadline for immigration judge decisions involving asylum).  However, even if I construe this timing issue in favor of the government, I determine petitioner has met his burden to show he is being unlawfully detained.

rejected a rigid application of this six-month period, reasoning that a detainee is not guaranteed release after six months.  "Correspondingly, the government is not guaranteed the right to hold a noncitizen for at least six months." *Rizo v. Bondi*, No. 2:26-cv-0421-MMD-EJY, 2026 WL 1180266, at *2 (D. Nev. Apr. 30, 2026), *reconsideration denied,* 2026 WL 1197245 (D. Nev. May 1, 2026); *see also Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months."); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line . . . and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits.").  The six-month presumption may be rebutted where there is no significant likelihood of removal in the reasonably foreseeable future.  *See Alkarori v. Nevada S. Det. Ctr.*, No. 2:25-cv-2567-MMD-MDC, 2026 WL 266756 (D. Nev. Feb. 2, 2026); *Douglas v. Baker*, No. 25-cv-2243-ABA, 2025 WL 2997585, at *2 (D. Md. Oct. 24, 2025); *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395-97 (D.N.J. 2025).

In *Zadvydas*, the Court directed lower courts to "measure reasonableness . . . in terms of the statute's basic purpose, . . . assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699.  I find that the evidence before me conclusively rebuts the presumption of reasonableness, as respondent concedes that Cuba, the only country to which petitioner is ordered removed, will not take petitioner back.  *See* ECF No. 7-1 at 3.  Respondent's argument—that petitioner fails to meet his burden because he has not complied with respondent's efforts to remove petitioner to the third country of Mexico—is unavailing.  ECF No. 7.  As one district court observed, "[r]espondents may not rely on petitioner's refusal to go along with their improper efforts to remove him to a third country as a basis for denying him habeas relief." *See Boza-Rosales v. Blanche*, __ F. Supp. 3d __, 2026 WL 1412456, at *3 (W.D. Wash. May 15, 2026).

The immigration judge's specification of Cuba as the country of removal does not prevent the government from designating a different country of removal, but it must exercise its discretion appropriately, and in compliance with statutory and constitutional law.  *See Aden v. Nielsen*, 409

6

F. Supp. 3d 998, 1009 (W.D. Wash. 2019).  Section 1231(b)(2) provides a process that the government must follow in determining where to remove a noncitizen.[4]  This process allows a noncitizen to "designate one country to which the [noncitizen] wants to be removed."  8 U.S.C. § 1231(b)(2)(A)(i).  It also provides a hierarchy for the government to follow in selecting another country for removal.  8 U.S.C. §§ 1231(b)(2)(D) & (E).  Further—with exceptions not relevant here—the statute prohibits removal of a noncitizen to a country where his or her "life or freedom would be threatened in that country because of the [noncitizen]'s race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).

There is no indication that immigration authorities have notified petitioner that he has the right to apply for asylum in the United States and for withholding of removal to Mexico. *See Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) (holding that failure to provide such notification "violates both INS regulations and the constitutional right to due process").  Respondent wants petitioner to voluntarily depart to Mexico and gives no indication that it has provided petitioner with an opportunity to raise a fear-based claim to that country, as is required by due process.  *See Aaron H. v. Chestnut*, No. 1:26-cv-1232-TLN-SCR, 2026 WL 1398910, at *2 (E.D. Cal. May 19, 2026).  Accordingly, petitioner's removal is not reasonably foreseeable.  *See id.* (holding that petitioner was entitled to release under *Zadvydas* where the government had failed to provide petitioner with the opportunity to raise a fear-based claim to a third country); *Castillo Rivas v. Bondi*, No. 26-cv-0134-KKE, 2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026) (holding that petitioner was entitled to release under *Zadvydas* where the petitioner, a Venezuelan national, refused to be removed to Mexico).

As there is no "significant likelihood that petitioner will be removed in the reasonably foreseeable future," his continued detention is unlawful.  *See Aaron H.*, 2026 WL 139890, *2; *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16,

---

[4] Moreover, a review of 8 C.F.R. § 241.14 shows that respondent's own regulations do not permit detention where "there is no significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future[]" except where certain special circumstances are present. 8 C.F.R. § 241.14.  Respondent has not argued the presence of any of these special circumstances to justify petitioner's ongoing detention.

2025).  I recommend that petitioner be immediately released from immigration custody.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2.  Respondent be ordered to immediately release petitioner (A-Number: 216-914-238) from its custody subject to the previously-imposed conditions of release, if any.

3.  Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal, if necessary, and follows all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

4.  The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

5.  The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within seven days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 29, 2026          _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

8